IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2019 Session

FILED

DEC - 9 2019

Clerk of the Appellate Courts
Rec'd by_____

# JENNIFER MOORE-PITTS ET AL. v. CARL A BRADLEY, DDS, MAGD

**Appeal from the Circuit Court for Knox County**
**No. 1-167-18          Kristi M. Davis, Judge**

_____

**No. E2018-01729-COA-R3-CV**

_____

This appeal concerns a healthcare liability action filed by Jennifer Moore-Pitts and David Pitts ("Plaintiffs") in the Knox County Circuit Court ("Trial Court") against Carl A. Bradley, DDS, MAGD ("Defendant"). Defendant filed a motion to dismiss Plaintiffs' action on the basis of noncompliance with Tennessee Code Annotated § 29-26-121(a)(2)(E), which requires that pre-suit notice include a HIPAA-compliant medical authorization allowing the healthcare provider receiving the notice to obtain complete medical records from every other provider that is sent a notice.[1] Approximately forty healthcare providers, including Defendant, received pre-suit notice from Plaintiffs. On the medical authorization provided to Defendant, Plaintiffs left blank the name of the individual or entity authorized to make the disclosure of medical records to Defendant but provided an attachment of the names and addresses of the other providers receiving notice. The Trial Court found that Plaintiffs' medical authorization provided to Defendant was not sufficient to allow Defendant to obtain Ms. Moore-Pitts's medical records from the other providers who received the pre-suit notice. As such, the Trial Court found that Plaintiffs could not rely on Tennessee Code Annotated § 29-26-121(c) to extend the statute of limitations for 120 days. Because Plaintiffs' action was filed one year and 118 days after the cause of action accrued, the Trial Court determined that Plaintiffs' action was untimely. The Trial Court, therefore, granted Defendant's motion to dismiss. Discerning no error, we affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and THOMAS R. FRIERSON, II, JJ., joined.

_____

[1] HIPAA refers to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936.

Arthur F. Knight, III; Jonathan Swann Taylor; and Caitlin C. Burchette, Knoxville, Tennessee, for the appellants, Jennifer Moore-Pitts and David Pitts.

Mark A. Castleberry and Caitlyn Luedtke Elam, Knoxville, Tennessee, for the appellee, Carl A. Bradley.

## OPINION

### Background

On January 13, 2017, Jennifer Moore-Pitts allegedly experienced complications resulting from a surgical wisdom teeth extraction performed by Defendant. Plaintiffs provided Defendant with pre-suit notice on January 5, 2018, which included a letter to Defendant informing him of Plaintiffs' intent to initiate legal action and a medical authorization that Plaintiffs contend was HIPAA compliant. It is undisputed that Defendant received the letter and attachments.

The medical authorization provided to Defendant sufficiently includes Ms. Moore-Pitts information and the dates of treatment. The authorization also contains a space for the name of the person or entity authorized to provide records to Defendant. Plaintiffs did not fill in this blank on the authorization but provided Defendant with an attached document containing a list of forty healthcare providers that had received notice of the potential lawsuit. The medical authorization states that the purpose of the disclosure is "[t]o supply to treating providers and/or for formal litigation." The expiration of the medical authorization is identified as one year from the date the authorization was signed. Ms. Moore-Pitts signed and dated the medical authorization on January 3, 2018.

In May 2018, approximately one year and 118 days following accrual of Plaintiffs' cause of action, Plaintiffs filed suit against Defendant in the Trial Court, alleging negligence by Defendant as to the dental surgery he performed on Ms. Moore-Pitts. Plaintiffs attached a certificate of good faith to the complaint, as well as the provided pre-suit notice. In June 2018, Defendant filed a motion to dismiss and an accompanying memorandum of law in support of his motion. Plaintiffs subsequently filed a response to the motion to dismiss.

The Trial Court conducted a hearing in August 2018 with oral arguments by counsel. Following the hearing, the Trial Court granted Defendant's motion to dismiss, determining that Plaintiffs had not substantially complied with the pre-suit notice requirement in Tennessee Code Annotated § 29-26-121(a)(2)(E) to provide a HIPAA-compliant medical authorization because the "medical authorization attached to Plaintiffs'

pre-suit notice of intent letter to Defendant did not permit Defendant to obtain complete medical records from the other forty (40) providers who also received notice . . . ." The Trial Court further found that because Plaintiffs had not substantially complied with the pre-suit notice requirement, they were not entitled to the 120-day extension of the statute of limitations. Finding Plaintiffs' action to be time barred, the Trial Court granted Defendant's motion to dismiss. Plaintiffs timely appealed.

## Discussion

Although not stated exactly as such, Plaintiffs raise the following issues for our review: (1) whether the Trial Court erred by determining that Plaintiffs failed to substantially comply with the pre-suit notice requirement in Tennessee Code Annotated § 29-26-121(a)(2)(E), (2) whether the Trial Court erred by determining that Defendant was prejudiced by Plaintiffs' failure to substantially comply with the pre-suit notice requirement in Tennessee Code Annotated § 29-26-121(a)(2)(E), (3) whether the Trial Court erred by determining that Plaintiffs were required to comply with the pre-suit notice requirement in Tennessee Code Annotated § 29-26-121(a)(2)(E) when the lawsuit actually filed included only one defendant, Defendant, who was the sole custodian of the medical records at issue, and (4) whether the Trial Court erred by finding that Plaintiffs were unable to utilize the 120-day extension of the statute of limitations, pursuant to Tennessee Code Annotated § 29-26-121(c).

This case was resolved on a motion to dismiss. Our standard of review is *de novo* with no presumption of correctness. *J.A.C. by and through Carter v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502, 509 (Tenn. Ct. App. 2016). Our Supreme Court has further provided as follows regarding healthcare liability actions:

> The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of [Civil] Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under

- 3 -

Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012).

We first address whether the Trial Court erred in holding that Plaintiffs failed to substantially comply with the Tennessee Code Annotated § 29-26-121(a)(2)(E) requirement to provide a HIPAA-compliant medical authorization when Plaintiffs left the space naming the provider permitted to disclose records to Defendant blank. Although Plaintiffs raise them as two separate issues, whether the Defendant has been prejudiced by Plaintiffs' failure to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E) is to be considered along with the extent of Plaintiffs' noncompliance to determine whether Plaintiffs substantially complied. *See Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013). Tennessee Code Annotated § 29-26-121(a)(2)(E) (2012) requires plaintiffs in healthcare liability suits to send as part of their pre-suit written notices "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice."

Regarding defective HIPAA-compliant medical authorizations, 45 C.F.R. § 164.508(b) provides in pertinent part:

> (2) Defective authorizations. An authorization is not valid, if the document submitted has any of the following defects:
>
> * * *
>
> (ii) The authorization has not been filled out completely, with respect to an element described by paragraph (c) of this section, if applicable . . . .

Additionally, 45 C.F.R. § 164.508(c)(1) provides as follows as to the core requirements for a HIPAA-compliant medical authorization:

> A valid authorization under this section must contain at least the following elements:
>
> (i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure. The statement "at the request of the individual" is a sufficient description of the purpose when an individual initiates the authorization and does not, or elects not to, provide a statement of the purpose.

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure. The statement "end of the research study," "none," or similar language is sufficient if the authorization is for a use or disclosure of protected health information for research, including for the creation and maintenance of a research database or research repository.

(vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

The Trial Court found that Plaintiffs had not provided Defendant with a HIPAA-compliant medical authorization because of Plaintiffs' failure to fill in the blank naming the provider authorized to disclose records to Defendant, pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E). However, not every failure to comply perfectly with that statute is fatal to a healthcare liability plaintiff's case. Regarding the degree of noncompliance that will derail a plaintiff's case, our Supreme Court has stated:

> A plaintiff's less-than-perfect compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E), however, should not derail a healthcare liability claim. Non-substantive errors and omissions will not always prejudice defendants by preventing them from obtaining a plaintiff's relevant medical records. Thus, we hold that a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E).

*Stevens*, 418 S.W.3d at 555.

Tennessee Code Annotated § 29-26-121(a)(2)(E) "serve[s] an investigatory function, equipping defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early discovery of potential co-defendants and early access to a plaintiff's medical records." *Stevens*, 418 S.W.3d at 554. Although a plaintiff must

- 5 -

only "substantially comply" with Tennessee Code Annotated § 29-26-121(a)(2)(E), "it is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id.* at 555 (citing 45 C.F.R. § 164.508(a)(1)). This is "[b]ecause HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form." *Id.* In its determination regarding whether a plaintiff has substantially complied with the requirement of Tennessee Code Annotated § 29-26-121(a)(2)(E), "a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance." *Id.* at 556.

In the present case, Plaintiffs did not provide in the medical authorization the identity of the individual or entity authorized to make the disclosure of medical records to Defendant. We note that this Court has held that a defendant is not required to fill in the blanks of a medical authorization to make it a valid authorization in compliance with HIPAA. *See J.A.C.*, 542 S.W.3d at 515. In that case, the Court recognized that "[w]e know of no authority permitting the Providers to alter the authorization forms that were already given to them." *Id.* Therefore, the Court held that the providers were under no obligation to complete the authorization forms provided to them by the plaintiff in order to assist the plaintiff in achieving substantial compliance with Tennessee Code Annotated § 29-26-121(a)(2)(E). *Id.* at 515-16. As this Court noted, it is the plaintiff's, not the defendant's, responsibility to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E) by providing a HIPAA-compliant medical authorization. *See id.*

In a similar case, this Court in *Lawson v. Knoxville Dermatology Grp., P.C.*, 544 S.W.3d 704 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Nov. 16, 2017), addressed the effect of a plaintiff's failure to identify the person or organization authorized to disclose records on the medical authorization required by Tennessee Code Annotated § 29-26-121(a)(2)(E). The *Lawson* Court concluded that the missing element was necessary and that the defendant had been prejudiced by the insufficient medical authorization because the defendant was unable to use the plaintiff's medical records to mount a defense. *Id.* at 712-13. The Court, thus, determined that the plaintiff had not substantially complied with the pre-suit notice requirements. *Id.* at 713.

In the case before us, Plaintiffs failed to identify on the medical authorization the identity of the individual or entity authorized to make the disclosure of medical records to Defendant. As did the Court in *Lawson*, we conclude that this is an essential element for the Defendant to obtain records from the other providers. The omission of the individual or entity authorized to make the disclosure of medical records to Defendant prevented Defendant from obtaining the records for investigatory purposes prior to commencement of the action. In their issues, Plaintiffs point out that Defendant had not attempted to use the authorization. This Court previously determined that a defendant was not required to

test the sufficiency of a medical authorization by attempting to access a plaintiff's medical records when the medical authorization obviously is deficient. *See J.A.C.*, 542 S.W.3d at 514. The medical authorization provided by Plaintiffs to Defendant as part of their pre-suit notice obviously was deficient. As such, we find that Defendant was prejudiced by Plaintiffs' noncompliant medical authorization because the authorization was not sufficient to enable Defendant to obtain Ms. Moore-Pitts's medical records from the other providers sent the pre-suit notice. We hold, as did the Trial Court, that Plaintiffs did not substantially comply with Tennessee Code Annotated § 29-26-121(a)(2)(E).

We next address the issue of whether the Trial Court erred by determining that Plaintiffs were required to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E) when the lawsuit filed named only one defendant. Plaintiffs cite to the Supreme Court's opinion in *Bray v. Khuri*, 523 S.W.3d 619, 622 (Tenn. 2017), and argue that they were not required to provide Defendant with a HIPAA-compliant medical authorization because Defendant was the only defendant named in the lawsuit. In *Bray*, our Supreme Court held as follows in relevant part:

> We hold that, based on the clear and unambiguous language of section 29-26-121(a)(2)(E), a plaintiff need not provide a HIPAA-compliant authorization when a single healthcare provider is given pre-suit notice of a healthcare liability claim. The authorization only allows a potential defendant to obtain the prospective plaintiff's medical records from any other healthcare provider also given notice and identified as a potential defendant in the pre-suit notice. This authorization requirement is consistent with section 29-26-121(d)(1), which specifies that all parties to a healthcare suit "shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving notice" and that the claimant complies with this requirement by providing a HIPAA-compliant medical authorization with pre-suit notice. *Id.* § 29-26-121(d)(1).

*Id.*

The case now before us is distinguishable from *Bray*. In *Bray*, the Supreme Court held that a HIPAA-compliant medical authorization is not required when a plaintiff sends pre-suit notice only to one provider, not when he or she files suit against only one provider. Plaintiffs in this case sent pre-suit notice to approximately forty providers. According to Plaintiffs' appellate brief, they had provided notice to the other providers as a protective measure to allow Plaintiffs to further develop their investigation of potential claims. However, Defendant was not permitted to investigate those claims against him due to the insufficiency of the medical authorization because he was unable to obtain Ms. Moore-Pitts's medical records from the other providers receiving notice as he was entitled to do pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E). With the multiple providers

receiving pre-suit notice, Defendant had no way to know that Plaintiffs would file suit against only him. Because pre-suit notice was sent to multiple providers, *Bray* supports Defendant's position and not Plaintiffs'. As such, Plaintiffs cannot rely on the single potential defendant exception to excuse them from complying with Tennessee Code Annotated § 29-26-121(a)(2)(E).

Next, we address whether Plaintiffs may rely on the 120-day extension of the statute of limitations when filing their action. Tennessee Code Annotated § 29-26-121(c) provides in relevant part: "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider." Pursuant to the statute, the plaintiffs in a healthcare liability action may rely on the 120-day extension only when pre-suit notice was given to the provider. As we have determined, Plaintiffs failed to substantially comply with the requirement of Tennessee Code Annotated § 29-26-121(a)(2)(E) to provide a HIPAA-compliant medical authorization with their pre-suit notice. Therefore, Plaintiffs' noncompliance with the pre-suit notice requirements prevents them from relying on the 120-day extension of the relevant statute of limitations. *See Lawson*, 544 S.W.3d at 713 ("We note that inasmuch as the [plaintiffs] failed to comply with pre-suit notice requirements, they did not obtain the 120-day extension of the statute of limitations when they filed their complaint."). Because Plaintiffs filed their action one year and 118 days after the cause of action accrued, Plaintiffs' action was untimely.

We now address Plaintiffs' argument that Plaintiffs' noncompliance with Tennessee Code Annotated § 29-26-121(a)(2)(E) should be excused for extraordinary cause.[2] Defendant argues that this issue should be considered waived because Plaintiffs did not raise the issue below. Upon a review of the record, Defendant states in his motion to dismiss as follows: "Because Plaintiffs failed to provide Defendant with proper pre-suit notice and have failed to show any extraordinary cause that would have prevented Plaintiffs from providing proper pre-suit notice, Plaintiffs' Complaint should be dismissed with prejudice because it was not timely filed (emphasis added)." Defendant asserted during the trial court proceedings that Plaintiffs had failed to show extraordinary cause but it was not otherwise specifically addressed. Plaintiffs did, however, argue in the Trial Court that Ms. Moore-Pitts sought treatment from "numerous medical providers," which is the crux of her argument on appeal regarding extraordinary cause. As such, we will proceed to address this issue.

---

[2] While Plaintiffs failed to include this issue as a separate issue in their statement of issues, we will consider it as it is, arguably, included in their other issues.

Tennessee Code Annotated § 29-26-121(b) provides that the court can, at its discretion, excuse compliance with subsection (a) "only for extraordinary cause shown." Our Supreme Court has explained as follows regarding the meaning of extraordinary cause:

> The statute does not define "extraordinary cause," and the statute's legislative history does not indicate that the legislature intended to assign a meaning to that phrase other than its plain and ordinary meaning. "Extraordinary" is commonly defined as "going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable." *Webster's New World Dictionary of the American Language,* 516 (1966); *see also State v. Vikre,* 86 N.C.App. 196, 356 S.E.2d 802, 804 (1987) (adopting dictionary definition of extraordinary cause as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee"). One legal scholar, commenting on Tennessee Code Annotated sections 29-26-121 and 122, has noted that possible examples of "extraordinary cause" might include "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary."

*Myers,* 382 S.W.3d at 310-11.

The factual circumstances surrounding this action are not extraordinary. It is not uncommon or extraordinary for a plaintiff to have received treatment from numerous providers prior to a healthcare liability action being filed or even considered. Therefore, we determine that Plaintiffs failed to show any extraordinary cause sufficient to excuse Plaintiffs' noncompliance with Tennessee Code Annotated § 29-26-121(a)(2)(E).

Finally, we address Plaintiffs' argument that Tennessee Code Annotated § 29-26-121 is contrary to public policy. The responsibility of determining public policy generally lies with the General Assembly. *Purkey v. Am. Home Assur. Co.,* 173 S.W.3d 703, 705 (Tenn. 2005). Therefore, "the judiciary may only determine public policy 'in the absence of any constitutional or statutory declaration.'" *Id.* (quoting *Alcazar v. Hayes,* 982 S.W.2d 845, 851 (Tenn. 1998)). The General Assembly has established public policy by enacting Tennessee Code Annotated § 29-26-121. The requirement that pre-suit notice to a defendant must include a HIPAA-compliant medical authorization "was a policy decision by the General Assembly that 'equip[s] defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records.'" *J.A.C.,* 542 S.W.3d at 521 (quoting *Stevens,* 418 S.W.3d at 555). As an intermediate appellate court, we will not attempt to substitute our judgment regarding public policy for that of the General Assembly. *See Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.,* 549 S.W.3d 77, 87-88 (Tenn. 2018); *BellSouth Telecomms., Inc. v. Greer,* 972

S.W.2d 663, 673 (Tenn. Ct. App. 1997). Just as was the Trial Court, this Court also is constrained by the healthcare liability statutes enacted by our General Assembly.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Jennifer Moore-Pitts and David Pitts, and their surety, if any.

D. MICHAEL SWINEY, CHIEF JUDGE