IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 1, 2021 Session

## RONALD MARTIN REESE v. THE WATERS OF CLINTON, LLC

**Appeal from the Circuit Court for Anderson County**
**No. B8LA0185          Donald R. Elledge, Judge**

_____

### No. E2020-01466-COA-R3-CV
_____

This healthcare liability action was brought against a skilled nursing facility. The plaintiff sent pre-suit notice to multiple potential defendants prior to initiating the action. The plaintiff, however, failed to include as part of the pre-suit notice a HIPAA-compliant medical authorization as one of the six core elements was missing from the authorization. Following a motion to dismiss filed pursuant to Tennessee Rule of Civil Procedure 12.02(6), the Trial Court granted the motion and dismissed the action against the defendant due to noncompliance with Tennessee Code Annotated § 29-26-121 and as being untimely. The Trial Court denied the plaintiff's request to compel discovery in this matter concerning whether the plaintiff had substantially complied with the pre-suit notice requirement. The plaintiff argues on appeal that the Trial Court erred by not treating the defendant's motion as a motion for summary judgment and by preventing the plaintiff from conducting discovery regarding the plaintiff's compliance with Section 29-26-121, as well as the resulting prejudice to the defendant. Discerning no error, we affirm the Trial Court's judgment in all respects.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KRISTI M. DAVIS, JJ., joined.

M. Chad Trammell, Texarkana, Arkansas, and Deborah Truby Riordan, Little Rock, Arkansas, for the appellant, Alysia Reese McCracken Hancock, as Power of Attorney for Ronald Martin Reese.

J. Spencer Fair and Luke P. Ihnen, Knoxville, Tennessee, for the appellee, The Waters of Clinton, LLC.

# OPINION

## Background

This action involves the medical care received by Ronald Martin Reese ("Patient") while a resident at The Waters of Clinton ("Defendant"). In November 2018, Alysia Reese McCracken Hancock ("POA"), as power of attorney for Patient ("Plaintiff"), filed a complaint against Defendant in the Anderson County Circuit Court ("Trial Court"), alleging that Patient had suffered injuries while in the care of Defendant, a skilled nursing facility in Clinton, Tennessee.[1] According to the complaint, Patient had been in the care of Defendant from August 2017 through September 2017. The complaint in this matter alleged negligence by Defendant, pursuant to the Tennessee Health Care Liability Act, codified at Tennessee Code Annotated §§ 29-26-101, *et seq*.

The complaint stated that Plaintiff had complied with Tennessee Code Annotated § 29-26-121(a) by providing Defendant with the required pre-suit notice. As an exhibit to her complaint, Plaintiff filed a copy of the affidavits of the "person mailing notice" and the pre-suit notice provided to Defendant and other potential defendants, which was accompanied by medical authorizations to allow Defendant to receive Patient's medical records from the other potential defendants. The pre-suit notice provided a list of seven health care providers to whom Plaintiff was providing pre-suit notice, three of which appear to be affiliated with The Waters of Clinton, LLC. The remaining health care providers do not appear to be affiliated with Defendant, including Grubb & Associates, Inc. d/b/a Brightstar of Knoxville and BJR Enterprises, LLC d/b/a Home Helpers of Knoxville.[2] The medical authorizations provided to Defendant included (1) a description of the information to be disclosed, (2) the identity of the provider authorized to make the disclosure, (3) a description of the purpose of the disclosure, (4) an expiration date, and (5) the signature of the individual authorizing the disclosure, as well as the date and POA's authority to act as Patient's durable power of attorney. In the authorization, however, POA left blank the identity of the person or entity to whom the provider may make the disclosure.

Defendant subsequently filed a motion to dismiss alleging that Plaintiff had failed to comply with the pre-suit notice requirements by providing a HIPAA-compliant medical

---

[1] Plaintiff also included as a defendant to this action Chadwick Hill, in his capacity as administrator of The Waters of Clinton. However, Plaintiff voluntarily dismissed all claims against Mr. Hill after the Trial Court granted Defendant's motion to dismiss.

[2] A separate suit against BJR Enterprises, LLC d/b/a Home Helpers of Knoxville and Grubb & Associates, Inc. d/b/a Brightstar of Knoxville was initiated by POA on behalf of Patient in the Knox County Circuit Court. *See Hancock v. BJR Enterprises, LLC*, No. E2019-01158-COA-R3-CV, 2020 WL 2498390 (Tenn. Ct. App. May 14, 2020), *perm. app. denied* (Tenn. Sept. 16, 2020).

authorization pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E). Defendant alleged that the authorization was not HIPAA-compliant because it had not identified a particular person or entity to whom the provider could release Patient's medical records, one of the six core elements. In its motion to dismiss, Defendant alleged that it was prejudiced due to the lack of a HIPAA-compliant medical authorization because the authorizations "did not enable the Defendant to obtain and review the relevant medical records from the other entities receiving pre-suit notice." Defendant, therefore, argued that due to Plaintiff's noncompliance with pre-suit notice, she was not entitled to the 120-day extension of the statute of limitations, pursuant to Tennessee Code Annotated § 29-26-121(c), and her action was time-barred as being more than one year after the cause of action accrued. As such, Defendant asked the Trial Court to dismiss Plaintiff's action against it.

Plaintiff filed a response to Defendant's motion to dismiss arguing that only substantial compliance, not strict compliance, was required to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E). According to Plaintiff, she had substantially complied with the statutory pre-suit notice requirement and Defendant had not demonstrated "any actual prejudice." Plaintiff argued Defendant had not presented evidence that it had attempted to use the release or that it had been denied the requested records. Furthermore, Plaintiff claimed that Defendant had not presented evidence of "any undue hardship in writing its desired recipient information in the space provided on the release." Plaintiff argued that the omission of Defendant's designated recipient from the medical authorization was intended as a courtesy and not substantive and that if Defendant worried "it did not have authority to write its own name (or its designated recipient's name and contact information) in the recipient block of the form provided," Defendant could have brought its concern to the attention of Plaintiff. Plaintiff further argued that in practice, attorneys provide in discovery medical releases with blanks and the "standard required for pre-suit disclosures should not be more stringent than the standard that is applied after suit is filed." Plaintiff, therefore asked that the Trial Court deny Defendant's motion to dismiss. Alternatively, Plaintiff argued that the Trial Court should stay the proceedings for anticipation of an opinion by the Tennessee Supreme Court in *Martin v. Rolling Hills Hospital, LLC*, that was pending at the time. Over the objection of Defendant, the Trial Court stayed the Trial Court proceedings pending the Supreme Court's decision in *Martin*.

In April 2020, the Tennessee Supreme Court released its opinion in *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322 (Tenn. 2020), adopting a burden-shifting approach to cases where pre-suit notice has been challenged. Following *Martin* and while the present action was pending, this Court released its opinion in *Hancock v. BJR Enterprises, LLC*, No. E2019-01158-COA-R3-CV, 2020 WL 2498390 (Tenn. Ct. App. May 14, 2020), *perm. app. denied* (Tenn. Sept. 16, 2020), which also involved POA and Patient. Defendant alleges that this Court in *Hancock v. BJR Enterprises, LLC* analyzed

the same medical authorizations as the present case.[3] In *Hancock*, this Court affirmed the Knox County Circuit Court's dismissal of Plaintiff's action against Grubb & Associates, Inc. d/b/a Brightstar of Knoxville and BJR Enterprises, LLC d/b/a Home Helpers of Knoxville due to noncompliance with pre-suit notice.

Plaintiff subsequently filed a motion to lift the stay and to compel discovery, as well as a supplemental response to Defendant's motion to dismiss. Plaintiff argued that as a result of *Martin*, she needed to conduct limited discovery to meet her burden of proving substantial compliance "and must respond with affidavits or other evidence permitted by Rule 56." Plaintiff averred that *Martin* places the burden of proof on Plaintiff to show substantial compliance with Section 121 and a lack of prejudice to Defendant, which renders discovery critical. According to Plaintiff, Defendant's motion was "not ripe until Plaintiff has had the opportunity to conduct reasonable discovery regarding Plaintiff's substantial compliance in order to set forth specific facts demonstrating that [Defendant] suffered no prejudice due to the noncompliance." Plaintiff averred that Defendant's motion should be treated as a summary judgment motion and that Plaintiff should be permitted sufficient time to engage in discovery in order to defend against the motion. Plaintiff further argued that the Knox County Circuit Court's dismissal of the action in *Hancock* occurred prior to *Martin* and that this Court's opinion in *Hancock* was not controlling.

In response, Defendant filed a reply in support of its motion to dismiss and a response in opposition to Plaintiff's motion to lift the stay and compel discovery, wherein Defendant argued that the proper vehicle to contest compliance with pre-suit notice is a Rule 12.02(6) motion to dismiss and that Plaintiff is not entitled to discovery. Defendant further argued that the Supreme Court in *Martin* "made clear that when a claimant fails to provide a HIPAA-compliant medical authorization which deprives a potential defendant of the right to obtain medical records from the other providers receiving notice, then prejudice is established." According to Defendant, *Hancock v. BJR Enterprises, LLC* is based on "identical notice documents" as in this case. Defendant stated that *Hancock* was "direct authority" and that this Court released its opinion in *Hancock* after *Martin* was released and relied on *Martin* in its opinion.

The Trial Court conducted a hearing on the pending motions in August 2020. During the hearing, the Trial Court found as follows:

> [W]e have a motion to dismiss that was filed in this case and we also had a motion to lift the stay and to compel discovery in light of *Martin*. As was stated, an order was entered on May the 6th, 2019 where we stayed this cause

---

[3] The record in this matter includes copies of pre-suit notice and medical authorizations sent to Grubb & Associates, Inc. d/b/a Brightstar of Knoxville and BJR Enterprises, LLC d/b/a Home Helpers of Knoxville that appear to be substantially similar to that sent to Defendant.

- 4 -

of action and removed it from the court's docket because of the pendency of *Martin vs. Rolling Hills* in front of the Supreme Court.

The court issue in this case and what we're here about is actually a Rule 12.02(6) motion that was filed by the defendant, The Waters of Clinton. . . . That was filed on January the 17th, 2019. And it was filed, again, under Rule [12.02(6)] as it failed to comply with 29-26-[121].

Missing in this document and, as I say, the court has reviewed all of these. Most of them are the same. Some of them, for example, don't even have the Description of Information To Be Used Or Disclosed marked on Exhibit 3. In one of the filings it does have that but on several of the others it doesn't even have that compliance. But what we're addressing is under 45 CFR 164.508(c)(1)(iii). In other words, (iii) of that document, of the Federal Rule of HIPAA.

Each release in this case is identical except for the designation of the healthcare provider authorized to disclose the medical records identified. . . .

As written it does not permit the defendant to obtain the plaintiff's medical records from any party including any other entity or individual receiving notice of a pretrial healthcare liability claim by the plaintiff.

The case law specifically sets out, *Roberts v. Wellmont Health Systems*, that the defendant is not responsible for filling in the blanks. And of course we all know HIPAA is very strict. There is serious consequences for any alterations of any document submitted and the defendant can't alter any document, including filling it out. There's strict compliance for HIPAA.

*Martin v. Rolling Hills Hospital*. In that case when it started talking about the discovery, . . . when the defendant filed their pleadings they filed it with affidavits which obviously and legally changes it to a summary judgment. The plaintiffs didn't do anything.

In this case this is strictly a Rule 12, Rules of Civil Procedure, Rule 12.02(6), and what I'm required to look at are the documents as filed.

*Martin v. Rolling Hills*. First of all, it sets out in about summary judgment, except in *Martin* it was originally converted to a summary judgment. And it's not encouraging us, in my opinion, to revert this to a summary judgment. Nowhere has anybody filed any affidavits or documents

other than address[ing] the pleadings which is required under Rule [12.02(6)].

The court would find that even in *Martin* they confirm that the proper way and proper motion is a 12.02(6) motion. This case has not been converted to a summary judgment. What we look at is the complaint in and of itself. And the court would further find that *Hancock v. BJR Enterprises, LLC* is almost identical to this case and it was cited after *Martin v. Rolling Hills*.

The court would find and counsel for the plaintiffs has conceded that they have of the six -- and the parties have each agreed that . . . five of the six requirements have been met, but the one that hasn't been met is subparagraph (iii). That one hasn't been. And the defendants had not been given proper notice. . . . [T]he plaintiff can't show that the defendants in this cause of action have had the ability to send out these, the specific releases that are set out in affidavits and attached in these motions. Both motions, actually. And they haven't shown any extraordinary cause. The argument that I'm getting is, is that we need to continue this and do discovery. Well, that transfers it from the 12.02; so, no, I will deny that motion.

And then they haven't shown any extraordinary cause that exclude the noncompliance. So using *Martin*, *Martin* and *Hancock*, and also before *Hancock* was attached to defendant's counsel I completely reviewed *Wenzler v. Yu*. And with all of those it states current law is clear that where there is a defendant, plaintiff must provide HIPAA compliant authorizations to all defendants.

And it has to be HIPAA compliant. The defendants aren't authorized and, in fact, face substantial penalty if they modify those authorizations. So they can't do that.

This is a Rule 12.02, failure to comply with 29-26-121. The court finds that the plaintiffs have failed to comply with 29-26-121 and, thus, the saving statute does not apply and I will grant the motion accordingly.

The Trial Court subsequently entered its order on September 17, 2020, ruling as follows:

1. This is a health care liability action, and the Defendant The Waters of Clinton has filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss based on the Plaintiff's failure to substantially comply with Tenn. Code Ann. § 29-26-121.

- 6 -

2. The Defendant's motion to dismiss is hereby GRANTED based on this Court's finding that the Plaintiff has failed to substantially comply with Tenn. Code Ann. § 29-26-121, and the Plaintiff has not demonstrated extraordinary cause for this failure. Specifically, this Court finds that the Plaintiff failed to provide a HIPAA-compliant medical authorization permitting this Defendant to obtain complete medical records from each other provider being sent a notice, as required by Tenn. Code Ann. § 29-26-121(a)(2)(E). As a result of this failure, the Plaintiff did not receive the benefit of the 120 day extension to the statute of limitations, and her claims are therefore time-barred. The rulings of the Court as contained in the excerpted transcript of the proceedings are incorporated by reference herein.

3. The Plaintiff's Motion to Lift Stay and Compel Discovery is DENIED. Defendant's motion to dismiss is a Tenn. R. Civ. P. 12.02(6) motion requiring the Court to rule on the pleadings. This motion has not been converted to a Tenn. R. Civ. P. 56 motion for summary judgment, so Plaintiff's request for discovery as to the issue of substantial compliance with Tenn. Code Ann. § 29-26-121 is denied.

(Internal citation omitted.) Subsequently, Plaintiff voluntarily dismissed all claims against Chadwick Hill, and the Trial Court entered an order to that effect in September 2020. Plaintiff timely filed her notice of appeal with this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises the following issue on appeal: whether the Trial Court erred by denying Plaintiff's motion to compel discovery regarding Plaintiff's substantial compliance with Tennessee Code Annotated § 29-26-121 and any prejudice that resulted to Defendant. This case was resolved on a motion to dismiss. Our Supreme Court in *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322, 334-35 (Tenn. 2020), recently confirmed that the proper avenue to challenge a plaintiff's compliance with the pre-suit notice requirement in Section 121 is by a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. A trial court's grant of a motion to dismiss, filed pursuant to Tennessee Rule of Civil Procedure 12.02(6), is a question of law, which we review *de novo* with no presumption of correctness. *Ellithorpe v. Weismark*, 479 S.W.3d 818, 824 (Tenn. 2015).

In this case, Plaintiff contends on appeal that she should have been entitled to conduct discovery in order to meet the burden of demonstrating substantial compliance with Tennessee Code Annotated § 29-26-121(a)(2). Plaintiff bases her argument on the recent Tennessee Supreme Court case of *Martin v. Rolling Hills Hosp., LLC*, 600 S.W.3d 322 (Tenn. 2020). Plaintiff's argument on appeal that she should be allowed to conduct

discovery is predicated on two different reasons. First, Plaintiff argues that the medical authorization provided to Defendant in combination with the pre-suit notice packet was sufficient to allow Defendant to obtain copies of Patient's medical records despite the omission of the intended recipient from the medical authorization. According to Plaintiff, she should have been able to develop this defense by conducting discovery. Second, Plaintiff argues that because of the burden-shifting approach adopted by our Supreme Court in *Martin*, the burden of proof was on Plaintiff to prove that Defendant was not prejudiced and that she had substantially complied with Section 121, making discovery necessary to meet that burden. Therefore, Plaintiff argues that she should be entitled to conduct discovery to assist in meeting her burden of showing substantial compliance.[4]

We first address Plaintiff's argument that our Supreme Court's opinion in *Martin* entitles Plaintiff to conduct discovery because the burden of proof lies with her to prove substantial compliance with pre-suit notice. Concerning healthcare liability actions, our Supreme Court in *Martin* recently adopted a burden-shifting approach in actions wherein a defendant wishes to challenge the validity of pre-suit notice. In doing so, the Court clarified the burden of proof for each party concerning whether a plaintiff has complied with the pre-suit notice requirements of Tennessee Code Annotated § 29-26-121(a)(2). *Martin*, 600 S.W.3d at 334. In these healthcare liability actions, the plaintiff carries the initial burden of establishing compliance with Section 121(a)(2), which can be accomplished by including a statement regarding compliance in the complaint and attaching documentation reflecting such compliance. *Id.* Alternatively, a health care liability plaintiff may allege in the complaint that extraordinary cause exists to excuse any noncompliance to the pre-suit notice requirement. *Id.*

If a health care liability defendant chooses to challenge the plaintiff's compliance with the pre-suit notice requirement, the defendant should file a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(6), to allege that the plaintiff has failed to state a claim for which relief can be granted. *Id.* A defendant's motion to dismiss must demonstrate how the plaintiff has failed to comply with Section 121(a)(2) by "referencing specific omissions" and by providing an explanation of "the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance." *Id.* (quoting *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012); *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 556 (Tenn. 2013)). After the defendant has established a prima facie case that Plaintiff has failed to substantially comply with the pre-suit notice requirements in Tennessee Code Annotated § 29-26-121(a)(2), "the plaintiff then bears the burden of establishing

---

[4] We note that Plaintiff has not asserted that extraordinary cause exists in order to excuse noncompliance with the statute but has requested discovery regarding only Plaintiff's substantial compliance with the statute and Defendant's resulting prejudice.

substantial compliance with Section 121, which includes the burden of demonstrating that the noncompliance did not prejudice the defense." *Martin*, 600 S.W.3d at 335.

Because of this burden-shifting approach adopted by the Tennessee Supreme Court in *Martin*, Plaintiff argues that she is entitled to conduct discovery in order to meet her burden of demonstrating that she substantially complied with the statutory pre-suit notice requirement. In doing so, Plaintiff points to the Court's statement in *Martin* that in order to meet her burden of proving substantial compliance, "the plaintiff 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or another means provided in Tennessee Rule [of Civil Procedure] 56, 'set forth specific facts' demonstrating that the noncompliance did not prejudice the defense." *Id.* (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015)). However, we note that in *Martin*, the defendants had submitted matters outside the pleadings in support of their motion to dismiss, and thus, the Supreme Court reviewed the motion as a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56, instead of a Rule 12 motion to dismiss. *See* Tenn. R. Civ. P. 12.02.

Plaintiff argues on appeal that following *Martin*, "the Supreme Court has now equated a motion to dismiss pursuant to Tenn. Code Ann. § 29-26-121(a)(2) with a motion for summary judgment." We disagree. Plaintiff overlooks the *Martin* Court's holding that a Rule 12.02(6) motion is the correct vehicle to challenge compliance with the requirement of pre-suit notice in a healthcare liability action. *See Martin*, 600 S.W.3d at 330. A Rule 12.02(6) motion to dismiss is to be treated as a summary judgment motion only if matters outside the pleadings are presented to the trial court and not excluded in its consideration of the motion. *See* Tenn. R. Civ. P. 12.02; *Martin*, 600 S.W.3d at 330. We determine that in referring to Rule 56 in its opinion, the Supreme Court in *Martin* was reviewing the trial court's grant of a motion for summary judgment, not a motion to dismiss as in the present case, and did not intend for every case wherein a defendant contests pre-suit notice to be treated as a summary judgment motion.

Plaintiff also cites to this Court's subsequent opinion in *Woods v. Arthur*, No. W2019-01936-COA-R3-CV, 2021 WL 1110920 (Tenn. Ct. App. Mar. 23, 2021) to support her argument that discovery is necessary in order for Plaintiff to establish substantial compliance by the use of affidavits and other evidentiary means as provided in Rule 56. This case is distinguishable because the *Woods* plaintiff had attached affidavits and other documentation in an attempt to demonstrate a lack of prejudice to the defendant. *See id.* at *7. Although the plaintiff in *Woods* argued that the Trial Court erred by failing to treat the motions before the court as summary judgment motions, the trial court had considered the affidavits and other documents filed by the plaintiff but had found them unhelpful to the plaintiff's case. *Id.* This Court, therefore, held that the trial court's analysis in *Woods* "was in line with the framework in *Martin*," which was a summary judgment case. *Id.*

In the case before us, neither party presented any evidence outside the pleadings involving the Rule 12.02(6) motion to dismiss that would require the Trial Court to treat the motion as a Rule 56 summary judgment motion. The pre-suit notice was included as exhibits to both Defendant's motion to dismiss and Plaintiff's response thereto and also was attached as an exhibit to the complaint and, therefore, not outside the pleadings. In her response, Plaintiff also attached unrelated examples of medical releases and discovery requests from other cases. These medical releases and discovery requests provided no evidentiary value to the case and were submitted simply to support Plaintiff's argument that her authorization conformed to other medical releases sought in other cases during the discovery process. Moreover, there is nothing in the record to suggest that the Trial Court considered these examples of other medical releases and discovery requests in making its decision. In fact, the Trial Court found that neither party had filed any affidavits or other documentary evidence outside the pleadings. As such, the Trial Court declined to treat Defendant's motion as a summary judgment motion and proceeded to address the motion as a Rule 12.02(6) motion to dismiss. We find no error in the Trial Court's decision in this regard.

We next address Plaintiff's argument that she is entitled to conduct discovery in order to demonstrate that Defendant was not prejudiced by her noncompliance with pre-suit notice because Defendant could have obtained Patient's medical records with the medical authorizations provided in combination with the entire pre-suit notice packet. We agree with Plaintiff that whether Defendant had been prejudiced by her noncompliance with pre-suit notice is important when determining whether she substantially complied with Tennessee Code Annotated § 29-26-121. However, the Supreme Court's holding in *Martin* and this Court's decision in *Hancock* are contrary to Plaintiff's argument that Defendant could have obtained Patient's medical records with the provided pre-suit notice packet and that she had substantially complied with Section 121. As there was no HIPAA-compliant medical authorization in this case because a core element was missing, we see no possible benefit to allowing Plaintiff discovery. Nothing Plaintiff could have found in discovery would have filled in the missing information in the medical authorization.

In *Martin*, the Supreme Court clarified that prejudice was not a separate and distinct element for the trial court to consider but that whether a defendant was prejudiced is a consideration for the court to consider when determining whether a plaintiff has substantially complied with pre-suit notice, pursuant to Tennessee Code Annotated § 29-26-121(a)(2). *Martin*, 600 S.W.3d at 333-34. Our Supreme Court in *Martin* emphasized the importance that prejudice plays when evaluating compliance with Section 121(a)(2). *Id.* The Supreme Court explained that prejudice, or the absence thereof, is "especially relevant" when assessing the extent and significance of a plaintiff's noncompliance with pre-suit notice. *Id.* at 334. As such, the Supreme Court held that if a plaintiff's noncompliance with pre-suit notice "frustrates or interferes with the purposes of Section 121 or prevents the defendant from receiving a benefit Section 121 confers, then the

plaintiff likely has not substantially complied with Section 121." *Id.* The Tennessee Supreme Court identified the purpose of pre-suit notice required by Tennessee Code Annotated § 29-26-121 as affording a potential defendant in a healthcare liability action timely notice to allow the defendant to investigate the merits of the claim and pursue settlement negotiations prior to the lawsuit being filed. *Martin*, 600 S.W.3d at 331; *Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 86 (Tenn. 2018).

The *Martin* Court explained that a defendant can establish prejudice by showing how the plaintiff's statutory noncompliance with pre-suit notice has "frustrated or interfered with the purposes of Section 121 or deprived the defendant of a benefit Section 121 confers." *Martin*, 600 S.W.3d at 334. According to *Martin*, one way a defendant can satisfy its burden of demonstrating prejudice in a motion to dismiss is by alleging that the plaintiff's medical authorization furnished as part of his or her pre-suit notice lacks one or more of the six core elements required for HIPAA compliance under federal law. *Id.* That is exactly what Defendant demonstrated here. In order to be a HIPAA-compliant medical authorization, the authorization must include all six core elements.[5] *Id.* A medical authorization, therefore, is not HIPAA compliant under federal law "if '[t]he authorization has not been filled out completely, with respect to' a core element." *Id.* (quoting 45 C.F.R. § 164.508(b)(2)(ii)). Thus, our Supreme Court stated that if a plaintiff had not provided a defendant with a HIPAA-compliant medical authorization, "a defendant would ordinarily be deprived of a benefit Section 121 confers" because the defendant would be unable to obtain medical records from any other provider receiving pre-suit notice. *Martin*, 600 S.W.3d at 334. The Court further stated that a defendant has no duty to aid the plaintiff in

---

[5] 45 C.F.R. § 164.508(c)(1) provides that a valid HIPAA-compliant medical authorization must contain the following core elements:

(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure. . . .

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure. . . .

(vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

meeting the burden of establishing substantial compliance and is not required to notify the plaintiff of a missing core element or to "test" an incomplete and facially-noncompliant authorization. *Id.* at 334-35. Thus, without a HIPAA-compliant authorization, a defendant would have no access to the plaintiff's medical records from other providers and would be unable to timely investigate the merits of the plaintiff's claim against it or pursue pre-suit settlement negotiations, thereby depriving the defendant of the benefit of Section 121. *See id.*

Additionally, we find persuasive this Court's opinion in *Hancock v. BJR Enterprises, LLC*, No. E2019-01158-COA-R3-CV, 2020 WL 2498390 (Tenn. Ct. App. May 14, 2020), *perm app. denied* (Tenn. Sept. 16, 2020), which also involved POA and Patient. This action named Grubb & Associates, Inc. d/b/a Brightstar of Knoxville and BJR Enterprises, LLC d/b/a Home Helpers of Knoxville as defendants. Defendant alleges that this Court in *Hancock v. BJR Enterprises, LLC* analyzed the same medical authorizations as the present case. In addition to the pre-suit notice sent to Defendant, the record in this case now before this Court also includes copies of pre-suit notice and medical authorizations sent to Grubb & Associates, Inc. d/b/a Brightstar of Knoxville and BJR Enterprises, LLC d/b/a Home Helpers of Knoxville that appear to be substantially similar to that sent to Defendant. Additionally, Plaintiff acknowledged during oral arguments that the flawed medical authorizations analyzed in *Hancock* were basically the same as those in this case.

In analyzing essentially the same medical authorization as in the present case, this Court in *Hancock* held that "POA failed to identify on the medical authorization the identity of the individual authorized to receive Patient's records," that this was an essential core element for a HIPAA-compliant authorization, and that the record supported the *Hancock* defendants' argument that Plaintiff's noncompliance with pre-suit notice had precluded them from obtaining Patient's medical records from the other providers. *Hancock*, 2020 WL 2498390, at *7. The Court in *Hancock* went so far as to say that "[w]hen a pre-suit medical authorization is facially invalid, the recipient is per se prejudiced and bears no burden to use or correct the form." *See Hancock*, 2020 WL 2498390, at *7. The *Hancock* Court relied, in part, on our Supreme Court's decision in *Martin* and concluded that Plaintiff had not substantially complied with the pre-suit notice requirement of Section 121. *Id.*

In her brief, Plaintiff attempts to rely on *Short ex rel. Short v. Metro Knoxville HMA, LLC,* E2018-02292-COA-R3-CV, 2019 WL 3986280 (Tenn. Ct. App. Aug. 23, 2019) for the proposition that Defendant could have obtained the records with the provided authorization in combination with the rest of the pre-suit notice package. The Tennessee Supreme Court in denying the Rule 11 request for appeal designated *Short* as "Not For Citation," pursuant to Tennessee Supreme Court Rule 4, § E, in an order entered in January

2020. Therefore, we need not and will not address *Short* other than to note that the facts in *Short* are distinguishable from the facts of this case.

Following the guidance of our Supreme Court in *Martin* and this Court in *Hancock*, we hold that the medical authorizations provided to Defendant by Plaintiff were not HIPAA compliant. This Court in *Hancock* analyzed essentially the same authorizations and determined that they were not HIPAA-compliant. In both *Hancock* and this case, Plaintiff left blank lines on the medical authorizations and had not designated a person or entity that was authorized to receive Patient's medical records from the other providers. This is a core element of a HIPAA-compliant medical authorization. *See* 45 C.F.R. § 164.508(c)(1)(iii) (requiring as a core element "[t]he name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure."). In order to have a HIPAA-compliant authorization, Defendant would have to modify the already-executed medical authorization by filling in the blanks of the designated recipient of the records. This Court has held that a defendant is not required to fill in the blanks of a medical authorization to make it a valid authorization in compliance with HIPAA. *See J.A.C. by and through Carter v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502, 515 (Tenn. Ct. App. 2016). Not only is it not required and as this Court recognized in *J.A.C.,* we know of no authority that would even permit Defendant to fill in the blanks of or otherwise alter a medical authorization already executed by Plaintiff. *See id.*

On appeal, Plaintiff essentially argues that because Defendant could have obtained Patient's medical records with the entire pre-suit notice packet provided (i.e. the medical authorization in combination with the remaining pre-suit notice packet), Defendant was not prejudiced and she should be permitted to conduct discovery to establish that defense. We disagree. Plaintiff's failure to include a completed medical authorization with all the required core elements precluded the provided medical authorization from being HIPAA compliant. Even if Plaintiff is correct and Defendant somehow obtained Patient's medical records with the provided noncompliant authorization, Defendant may well have violated federal regulations, which could result in severe penalties for Defendant. *See Martin*, 600 S.W.3d at 334 ("[O]btaining medical records with a HIPAA noncompliant medical authorization would violate federal regulations and could result in the imposition of severe penalties."). Considering the incomplete medical authorization in conjunction with the remaining pre-suit notice packet did not make the authorization HIPAA compliant.

There were multiple potential defendants in this case that were given pre-suit notice prior to litigation such that the single defendant exception established in *Bray v. Khuri*, 523 S.W.3d 619, 622 (Tenn. 2017) would not apply. Furthermore, Plaintiff has not attempted to argue that extraordinary cause existed to excuse noncompliance with the statutory requirement, only that the provided pre-suit notice substantially complied with the statute. However, it is clear that Plaintiff had not complied with Tennessee Code Annotated § 29-26-121 by providing Defendant with a HIPAA-compliant medical authorization. "Because

- 13 -

the penalties imposed on entities that wrongfully disclose or obtain private health information in violation of HIPAA are severe, the sufficiency of the plaintiffs' medical authorizations is imperative." *Martin*, 600 S.W.3d at 334-35 (quoting *Woodruff by & through Cockrell v. Walker*, 542 S.W.3d 486, 499 (Tenn. Ct. App. 2017)).

Because Plaintiff's medical authorization was not HIPAA compliant as required by Section 121, Defendant was not able to receive the necessary medical records to investigate the merits of Plaintiff's claim or take advantage of the benefit conferred by Section 121. Relying on our Supreme Court's decision in *Martin*, the Defendant was prejudiced by Plaintiff's noncompliance. Even if Plaintiff were permitted to conduct discovery, we know of nothing that Plaintiff possibly could learn during discovery that would permit her to succeed in establishing substantial compliance under these circumstances following our Supreme Court's holding in *Martin* and this Court's decision in *Hancock*. The blank on the authorization form still would remain empty. Based on the foregoing, the Trial Court was not required to allow discovery or to treat Defendant's motion to dismiss as a summary judgment motion. Without Plaintiff's substantial compliance with pre-suit notice, Plaintiff's action is untimely because it was filed more than a year after the cause of action accrued. We, therefore, affirm the Trial Court's denial of Plaintiff's motion to compel discovery and its granting of Defendant's motion to dismiss.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Alysia Reese McCracken Hancock, as power of attorney for Ronald Martin Reese, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE