IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 14, 2026 Session

## EUGENE MOXLEY v. AMISUB SFH INC. D/B/A SAINT FRANCIS HOSPITAL ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4603-20     Cedrick D. Wooten, Judge**

_____

**No. W2025-00443-COA-R3-CV**

_____

The trial court granted Appellees' joint motion to dismiss Appellant's healthcare liability action based on its finding that Appellant failed to substantially comply with the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E). Appellant appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

ROY B. MORGAN, JR., SR. J., delivered the opinion of the court, in which CARMA DENNIS MCGEE and VALERIE L. SMITH, JJ., joined.

William Bryan Smith, Memphis, Tennessee, and A. Wilson Wages, Millington, Tennessee, for the appellant, Eugene Moxley.

Karen S. Koplon and Megan Lane, Memphis, Tennessee, for the appellees, Kirsna Norris Chapman, and AMISUB (SFH), Inc. d/b/a St. Francis Hospital.

Joseph M. Clark and Raleigh Kent Francis, Memphis, Tennessee, for the appellees, Zachary K. Corr and The Urology Group.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be

# I. Background

This is the third appeal in this case. *See **Moxley v. Amisub SFH, Inc.***, W2021-01422-COA-R9-CV, 2022 WL 3715056 (Tenn. Ct. App. Aug. 29, 2022) ("***Moxley I***"); ***Moxley v. Amisub SFH, Inc.***, No. W2023-00220-COA-R3-CV, 2024 WL 1765046 (Tenn. Ct. App. April 24, 2024) ("***Moxley II***"). The relevant background facts are set out in ***Moxley I*** as follows:

> The complaint filed in this case alleges that [Appellant] Eugene Moxley was injured due to medical negligence during the course of a cancer treatment on July 5, 2019. On July 3, 2020, [Appellant's] counsel, A. Wilson Wages, sent the statutorily required pre-suit notice of a potential health care liability claim to twelve possible defendants. Tennessee Code Annotated section 29-26-121(a)(2)(E) provides that pre-suit notice must include "[a] HIPAA [*i.e.,* Health Insurance Portability and Accountability Act] compliant medical authorization permitting the provider receiving the notice to *obtain* complete medical records from each other provider being sent a notice." (Emphasis added). [Appellant] admits that a mistake was made with respect to the HIPAA authorizations he sent to each provider.
>
> On October 30, 2020, [Appellant] initiated this lawsuit by filing a complaint against four defendants—Nurse Chapman, The Urology Group, PC, Dr. Zachary Corr, and St. Francis Hospital [(together, "Appellees")]. [Appellant's] counsel, Mr. Wages, attached an affidavit stating that he had complied with the pre-suit notice requirements and, among other things, sent "a HIPAA compliant medical authorization permitting the providers who were sent a notice to obtain medi[c]al records from the other providers." He attached all of the pre-suit notice letters and enclosed authorization forms sent on the dates mentioned above.

*Moxley I*, 2022 WL 3715056, at \*1-\*2. As discussed in ***Moxley I***,

> The pre-suit notice letter sent to Nurse Chapman included twelve separate HIPAA authorization forms. Each of the twelve forms Ms. Chapman received designated her as the "releasing provider." Thus, the forms she received contained language stating that she could "release" medical records to other entities. For example:
>
> "I, Eugene T. Moxley, . . . do hereby authorize Kirsna J. Norris- Chapman,

cited or relied on for any reason in any unrelated case.

R.N., to release to The Urology Group, the medical records . . . relating to my treatment[.]"

"I, Eugene T. Moxley, . . . do hereby authorize Kirsna J. Norris- Chapman, R.N., to release to St. Francis Hospital-Memphis, the medical records . . . relating to my treatment[.]"

"I, Eugene T. Moxley, . . . do hereby authorize Kirsna J. Norris-Chapman, R.N., to release to Zachary K. Corr, M.D., the medical records . . . relating to my treatment[.]"

However, none of the twelve forms Nurse Chapman received contained language stating that she could "obtain" any medical records, although [Appellant] did send one authorization to Nurse Chapman that included her name in both fields as follows:

"I, Eugene T. Moxley, . . . do hereby authorize Kirsna J. Norris-Chapman, R.N., to release to Kirsna J. Norris-Chapman, R.N., the medical records . . . relating to my treatment[.]"

The same mistake was repeated with the forms sent to all twelve potential defendants.

*Moxley I*, at *1.

On January 25, 2021, St. Francis and Nurse Chapman filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), alleging failure to comply with Tennessee Code Annotated section 29-26-121(a)(2)(E). St. Francis and Nurse Chapman pointed out that the HIPAA authorization forms they received with pre-suit notice allowed each of them to "release" medical records but did not state that they could procure records from other providers. As such, they argued that [Appellant] had failed to substantially comply with the statute's requirement that pre-suit notice include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E).

*Moxley I*, at *2. The remaining Appellees joined in the motion to dismiss. In opposing the motion, Appellant asserted that he had substantially complied with the statutory requirements. Specifically, "[h]e suggested that each provider should have known that authorizations had been sent to all of the other potential defendants allowing the 'release' of records, such that 'everyone involved could obtain copies of the relevant records' if they simply called and requested them." *Moxley II*, at *1 (citing *Moxley I*, at *3). Following

a hearing, the trial court denied Appellees' Tennessee Rule of Civil Procedure 12.02 motion on its finding that, although Mr. Moxley did not substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E), extraordinary cause excused his noncompliance. *See* Tenn. Code Ann. §29-26-121(b) (allowing the trial court to exercise "discretion to excuse compliance [with the statutory pre-suit notice requirement] . . . only for extraordinary cause shown"). In the *Moxley I* appeal, which was taken under Tennessee Rule of Appellate Procedure 9, this Court reversed the trial court's denial of Appellees' Rule 12.02(6) motion. As discussed in *Moxley II*:

> The only question certified in the Rule 9 appeal [*i.e., Moxley I*] was whether the trial court erred in finding extraordinary cause. We determined that it did and reversed the extraordinary cause finding but left undisturbed the trial court's finding on substantial compliance.[2] On remand, the trial court granted Appellees' motion to dismiss without hearing.

*Moxley II*, at \*1. Mr. Moxley then filed a Tennessee Rule of Appellate Procedure 3 appeal, *i.e., Moxley II*. In *Moxley II*, we reviewed the trial court's initial finding that Appellant did not substantially comply with the statutory requirements and held that the trial court applied an incorrect legal standard to that question. Specifically, the *Moxley II* Court concluded that the trial court erroneously held Mr. Moxley to strict compliance with the statutory requirements as opposed to substantial compliance. *Moxley II*, at \*5. As we explained:

> [T]he trial court [erroneously] focused on whom Appellees could obtain the records from, and not on whether Appellees could obtain the records at all . . . . [The trial court's] ruling was that Mr. Moxley's pre-suit notice prejudiced Appellees insofar as they were denied the benefit of 'obtain[ing] all of [Mr. Moxley's] medical records **from the other providers receiving pre-suit notice**.' (Emphasis added). Respectfully, "the conclusion that a deficient medical authorization would ordinarily deprive a defendant of the benefit of Section 121 does not mean that such deficiency will always result in such deprivation. . . . If a defective medical authorization automatically meant a plaintiff failed to comply with section 121 pre-suit notice, there would be no reason to consider prejudice." *Hayward* [*v. Chattanooga-Hamilton Cty. Hosp. Auth., d/b/a Erlanger Health Systems, et al.*]*,* 680 S.W.3d [250, at] 261 [(Tenn. Ct. App. 2023), *perm. app. denied* (Tenn. Oct. 13, 2013)]. However, "[I]f the plaintiff's noncompliance neither frustrates nor interferes with the purposes of Section 121 nor prevents a defendant from receiving a benefit the statute confers, then a court is more likely to determine that the plaintiff has substantially complied." *Martin* [*v. Rolling Hills Hospital,*

---

[2] No appeal was taken from *Moxley I.* As such**,** the *Moxley I* holding that no extraordinary cause exists is res judicata.

- 4 -

*LLC*, 600 S.W.3d [322,] at 334 [(Tenn. 2020)], (citing *Stevens* [*ex rel. Stevens v. Hickman Community Healthcare Services, Inc.*, 418 S.W.3d [547], at 555 [(Tenn. 2013)]. To date, the trial court has not resolved this question.

*Id.* Because the trial court applied an incorrect legal standard, the *Moxley II* Court vacated its order granting Appellees' motion to dismiss and remanded for further proceedings, "including consideration of the question of substantial compliance under the correct standard." *Id.* at *6.

Pursuant to this Court's mandate in *Moxley II*, on remand, the trial court was to determine whether Mr. Moxley's pre-suit notices, which did not authorize his providers to "obtain" medical records from other providers, constituted substantial compliance with the statutes. Following a hearing on October 25, 2024, the trial court entered an order on March 5, 2025. Therein, the trial court held that Mr. Moxley failed to substantially comply with the pre-suit notice statutes and that Appellees were prejudiced by the non-compliance. Accordingly, the trial court granted Appellees' joint motion to dismiss the lawsuit. Mr. Moxley appeals.

## II. Issues

Mr. Moxley raises two issues for review as stated in his brief:

1. The trial court erred when it held Moxley failed to comply substantially with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)€ where his HIPAA-compliant medical release allowed each potential defendant receiving notice of intent to sue to obtain medical records from every other potential defendant receiving notice simply by requesting those records.
2. The trial court erred when it dismissed the case with prejudice holding that Moxley was not entitled to the extension of the limitations period available to an HCLA plaintiff giving notice to all potential defendants under Tenn. Code Ann. 29-26-121€ where each potential defendant received pre-suit notice of suit.

As an initial matter, in his second issue, Appellant asks us to review the trial court's dismissal of the case WITH PREJUDICE. As set out in the order appealed, the trial court dismissed Mr. Moxley's lawsuit WITHOUT PREJUDICE, *i.e.*, "Plaintiff's Complaint is dismissed without prejudice as to all Defendants. . . ." Accordingly, Appellant's second issue is a mere hypothetical and, as such, is not justiciable. Therefore, we will not address it. *Hurd v. Flores*, 221 S.W.3d 14, 30 (Tenn. 2000) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn.2000)) (explaining that courts "will not render an opinion in an appeal which . . . involves a purely hypothetical or theoretical set of

facts").[3]  Rather, the sole question before us is whether the trial court erred in granting Appellees' motion to dismiss on its finding that Mr. Moxley failed to substantially comply with the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121(a)(2)€.

### III. Standard of Review

As explained in *Moxley II*:

> In ***Martin v. Rolling Hills Hospital, LLC***, 600 S.W.3d 322, 334-35 (Tenn. 2020), the Tennessee Supreme Court explained that the proper avenue to challenge a plaintiff's compliance with the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121 is by a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. A trial court's grant of a motion to dismiss is a question of law, which we review *de novo* with no presumption of correctness. ***Ellithorpe v. Weismark***, 479 S.W.3d 818, 824 (Tenn. 2015).

*Moxley II*, at *3.

### IV. Analysis

In *Moxley II*, we explained:

> [T]he standard applicable to the question of substantial compliance is more complex than strict compliance with the statute. Indeed, the Tennessee Supreme Court has held that the requirements contained in section 29-26-121(a)(2) (which include "[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice," Tenn. Code Ann. § 29-26-121(a)(2)€) are "directory" and may be satisfied by "substantial compliance." ***Stevens ex rel. Stevens v. Hickman Community Healthcare Services, Inc.***, 418 S.W.3d 547, 555 (Tenn. 2013) (evaluating whether a plaintiff substantially complied with Section 121(a) (2)€); *see also **Arden v. Kozawa***, 466 S.W.3d 758, 762-64 (Tenn. 2015) (holding that the requirements of Section 121(a)(3)(B) and (a)(4) may be satisfied through substantial compliance); ***Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC***, 433 S.W.3d 512, 520 (Tenn. 2014) (holding that the

---

[3]  To receive the additional 120-day extension of the statute of limitations under Tennessee Code Annotated section 29-21-121(c), a plaintiff must substantially comply with Tennessee Code Annotated section 29-26-121.  *See, e.g.,* ***Byrge v. Parkwest Medical Ctr.***, 442 S.W.3d 245, 250 (Tenn. Ct. App. 2014), *perm. app. denied* (Tenn. June 24, 2014).  Here, we conclude that Mr. Moxley did not comply with section 29-26-121(a)(2)(E). Accordingly, even if we could address issue two substantively, Mr. Moxley would not be entitled to the 120-day extension.

affidavit requirement of Section 121(a)(3)(B) and (a)(4) may be satisfied by substantial compliance). So, strict compliance with section 121 is not required for substantial compliance. Indeed, the ultimate purpose of the pre-suit notice requirement is to allow potential defendants to investigate the merits of the claims against them and to pursue settlement negotiations prior to the lawsuit being filed. *See Martin*, 600 S.W.3d at 331; ***Runions v. Jackson-Madison Cnty. Gen. Hosp. Dist.***, 549 S.W.3d 77, 86 (Tenn. 2018). In short, "[n]ot every non-compliant HIPAA medical authorization will result in prejudice." *Stevens*, 418 S.W.3d at 556. Concerning the question of prejudice, the *Martin* [***v. Rolling Hills Hosp., LLC***, 600 S.W.3d 322, 331 (Tenn. 2020)] Court clarified that prejudice is not a separate and independent analytical element; rather, as *Stevens* explained, prejudice is a consideration relevant to determining whether a plaintiff has substantially complied. Prejudice, or the absence of prejudice, is especially relevant to evaluating the extent and significance of the plaintiff's noncompliance. If a plaintiff's noncompliance with Section 121 frustrates or interferes with the purposes of Section 121 or prevents the defendant from receiving a benefit Section 121 confers, then the plaintiff likely has not substantially complied with Section 121. On the other hand, if the plaintiff's noncompliance neither frustrates or interferes with the purposes of Section 121 nor prevents a defendant from receiving a benefit the statute confers, then a court is more likely to determine that the plaintiff has substantially complied. *Martin*, 600 S.W.3d at 333-34 (internal citations omitted); *see also **Hayward v. Chattanooga-Hamilton Cty. Hosp. Auth., d/b/a Erlanger Health Systems, et al.***, 680 S.W.3d 252, 260 (Tenn. Ct. App. 2023), *perm. app. denied* (Tenn. Oct. 13, 2013) (citing *Martin*, 600 S.W.3d at 334).

*Moxley II*, at \*5 (footnote omitted). Here, the trial court held that Appellant "has NOT substantially complied with Tenn. Code Ann. § 29-26-121(a)(2)€ and defendants suffered prejudice as they were not able to have access to plaintiff's medical records which would allow defendants to investigate the merits of the claim, thus frustrating and interfering with the purpose of the statute" (capitalization in original). We agree with the trial court's conclusions.

As noted above, Tennessee Code Annotated section 29-26-121(a)(2)(E) requires "[a] **HIPAA compliant** medical authorization permitting the provider receiving the notice to **obtain** complete medical records from each other provider being sent a notice" (emphases added). As the Tennessee Supreme Court has explained:

Because HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a

- 7 -

plaintiff's relevant medical records. *See* 45 C.F.R. § 164.508(a)(1) ("a covered entity may not use or disclose protected health information without an authorization that is valid under this section"). Tenn. Code Ann. § 29-26-121(d)(1) creates a statutory entitlement to the records governed by § 29-26-121(a)(2)(E). *See* Tenn. Code Ann. § 29-26-121(d)(1) ("All parties in an action covered by this section *shall be entitled to obtain complete copies of the claimant's medical records from any other provider receiving notice . . . .*") (emphasis added).

*Stevens*, 418 S.W.3d at 555 (footnote omitted) (emphasis in original). As this Court has cautioned,

> [b]ecause the penalties imposed on entities that wrongfully disclose or obtain private health information in violation of HIPAA are severe, the sufficiency of the plaintiffs' medical authorizations is imperative. [*Stevens*., 418 S.W.3d at 555] (citing 45 C.F.R. § 164.508(a)(1) ("[A] covered entity may not use or disclose protected health information without an authorization that is valid under this section.")).

*Woodruff by and through Cockrell v. Walker*, 542 S.W.3d 486 at 499 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Oct. 6, 2017). Indeed, "[e]ntities that wrongfully disclose or obtain private health information in violation of HIPAA may face fines of up to $50,000 per offense and/or imprisonment of up to one year." *Id.* at fn. 9 (citing 42 U.S.C.A. § 1320d–6). Here, Appellant argues that the authorizations "were not deficient" and "were wholly and completely HIPAA-compliant" because Appellees

> were able to obtain complete copies of [Appellant's medical] records by simply asking for them. What matters is that the authorization is effective to allow listed medical providers to obtain medical records from each other. The word "obtain" is not magical. If an authorization permits a defendant to obtain medical records but does not say "obtain," it is compliant all the same. All Defendants had to do to "obtain" the records was ask for them. And because they could "obtain" records from one another by way of the releases provided, Defendants incurred no prejudice from Moxley's method.

Appellant's argument is incorrect insofar as it ignores the plain language of Tennessee Code Annotated section 29-26-121(a)(2)(E), which requires a HIPAA authorization specifically "permitting the provider . . . to **obtain** complete medical records." (Emphasis added).[4] As correctly noted in Appellees' brief, "a facially valid authorization allowing

---

    [4] In *Bray v. Khuri*, 523 S.W.3d 619 (Tenn. 2017), the Tennessee Supreme Court established two exceptions to requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E): (1) "a plaintiff need not provide a HIPAA-compliant authorization when a single healthcare provider is given pre-suit notice of

Provider A to release its records to Provider B does not allow Provider A to use that same authorization to obtain records from Provider B." Such is the case here. Although "less-than-perfect compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E) [] should not derail a healthcare liability claim," *Stevens*, 418 S.W.3d at 555, the required notice must still "be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id.* (citing 45 C.F.R. § 164.508(a)(1)). As this Court recently explained:

> HIPAA authorizations are required to provide "[t]he name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure" as well as the "[t]he name or other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure." 45 C.F.R. § 164.508(c)(ii)-(iii).

*Crenshaw on behalf of Murphy v. Methodist Healthcare-Memphis Hosp., et al.*, No. W2024-00682-COA-R3-CV, 2025 WL 1336350, at *4 (Tenn. Ct. App. May 7, 2025), *perm. app. denied* (Tenn. Oct. 9, 2025). Indeed, in *J.A.C. by & through Carter v. Methodist Healthcare Memphis Hospitals.*, 542 S.W.3d 502, 513-14 (Tenn. Ct. App. 2016), this Court held that the plaintiff's authorizations were "clearly ineffective to allow the Providers to receive medical records from one another" where "[t]he forms merely contained blanks where" they were supposed to disclose the "person(s), or class of persons, that were authorized to disclose protected health information" **and** the "person(s) or class of persons, to whom a disclosure of information could be made." Because the authorizations tendered by Appellant do not contain the identifying information of each person or entity able to receive/obtain Mr. Moxley's medical information, the authorizations are incomplete and ineffective. *Crenshaw*, 2025 WL 1336350, at *4 (citing 45 C.F.R. § 164.508(c)(ii)-(iii)). In this regard, Appellant failed to substantially comply with the requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E), and Appellees were deprived of the ability to obtain and review the applicable medical records. This Court has held that, "Defendants are clearly prejudiced when unable, due to a form procedural error, to obtain medical records needed for their legal defense." *Lawson*, 544 S.W.3d at 709-710 (citing *Hamilton v. Abercrombie Radiological Consultants, Inc.*, 487 S.W.3d 114, 120 (Tenn. Ct. App. 2014), *perm. app. denied* (Tenn. May 15, 2015)); *Stevens*, 418 S.W.3d at 556; *Lott v. Mallett*, No. W2020-01233-COA-R3-CV, 2022 WL 894755, at *7 (Tenn. Ct. App. March 25, 2022) (holding that appellant failed to substantially comply with Tennessee Code Annotated section 29-26-121(a)(2)(E) because her authorization did not allow defendant/doctor to obtain medical records from the other health care provider receiving pre-suit notice.); *Wenzler v. Xiao Yu*, No. W2018-00369-

---

a healthcare liability claim," and (2) a health care provider may use or disclose protected health information for its health care operations and does not need to obtain a medical authorization in order "to use a patient's medical records in [its] possession and consult with counsel to evaluate the merits of a potential claim." *Id.* at 622-23. Neither of the *Bray* exceptions is applicable here.

COA-R3-CV, 2018 WL 6077847, *11 (Tenn. Ct. App. Nov. 20, 2018 (citing *Hamilton*, 487 S.W.3d at 120) (same).

## V. Conclusion

For the foregoing reasons, the trial court's order dismissing Appellant's lawsuit is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Eugene Moxley. Execution for costs may issue if necessary.


    s/ Roy B. Morgan, Jr.
ROY B. MORGAN, JR., SENIOR JUDGE